[899 NYS2d 623]

In the Matter of PAULETTE R. BAINBRIDGE (Admitted as PAULETTE ROSE BAINBRIDGE), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 20, 2010

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Gloria J. Anderson* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion of this Court dated October 7, 2009 (2009 NY Slip Op 85265[U] [2009]), the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4 (1) (1) (i) and (ii). The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated May 15, 2009 containing 10 charges of professional misconduct predicated on the respondent's neglect of client matters, failure to provide a domestic relations client with a retainer agreement, failure to keep in communication with a client, making a misrepresentation to a client regarding the status of the client's matter, and failure to cooperate with the Grievance Committee's investigation. The respondent was directed to serve and file an answer to the petition within 20 days after service upon her of a copy of the decision and order on motion. The Grievance Committee moves to adjudicate the respondent in default and thereupon to disbar her, based upon her failure to answer the petition within the time frame set forth by the Court in the decision and order on motion dated October 7, 2009, or, in the alternative, to impose such discipline upon the respondent as the Court deems appropriate.

On October 28, 2009, after several attempts had been made to serve the respondent personally, a copy of the decision and order on motion dated October 7, 2009 was served upon a person of suitable age and discretion at the respondent's home.

On November 18, 2009, the respondent was re-served with a copy of the decision and order on motion dated October 7, 2009, since, inadvertently, a copy of that decision and order on motion

was not subsequently mailed to her within 20 days of October 28, 2009.

To date, the respondent has failed to serve an answer to the petition as directed by the Court, or make an application for an extension of time in which to serve an answer.

Accordingly, the respondent is in default and the charges against her must be deemed established.

The instant motion to adjudicate the respondent in default was served upon her by mail on December 11, 2009. No response or request for an extension of time in which to reply has been filed with this Court.

Accordingly, the Grievance Committee's motion to adjudicate the respondent in default and thereupon to disbar her is granted, the charges in the petition are deemed established and, effective immediately, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RIVERA, SKELOS, FISHER and LEVENTHAL, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Paulette R. Bainbridge, admitted as Paulette Rose Bainbridge, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Paulette R. Bainbridge, admitted as Paulette Rose Bainbridge, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Paulette R. Bainbridge, admitted as Paulette Rose Bainbridge, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Paulette R. Bainbridge, admitted as Paulette Rose Bainbridge, has been issued a secure pass

60

by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).